UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MEBRAT TESHOME, | ) | CASE NO. C05-1445-TSZ-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ATTORNEY GENERAL FOR THE STATE OF WASHINGTON, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding *pro se* and *in forma pauperis*, submitted a 28 U.S.C. § 2254 habeas petition. (Dkt. 6.) By order dated September 16, 2005, the Court outlined the deficiencies in petitioner's habeas petition and granted petitioner an opportunity to amend. (Dkt. 7.) The Court advised petitioner that failure to correct the noted deficiencies would subject her petition to dismissal. *Id*. Petitioner did not submit an amended petition.

In order to bring a § 2254 action, a petitioner must be "in custody" for the conviction she attacks. *See* 28 U.S.C. § 2254(b)(1). She must indicate how she is "in custody" and name her custodian as respondent. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Here, petitioner indicates she was convicted on February 13, 2003 in King County Superior Court to a term of thirty days, which was thereafter converted to community service and twelve months

community supervision.  Therefore, it appears that petitioner is no longer in custody pursuant to the conviction she seeks to challenge in this action.[1]

Because petitioner is no longer in custody, this § 2254 petition should be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this  25th  day of  October , 2005.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

---

[1] The Court also noted a possible deficiency as to the correct respondent in this matter. (*See* Dkt. 7.)  However, because it appears that petitioner is no longer in custody, the Attorney General for the State of Washington is correctly identified as the respondent.    *See Belgarde v. State of Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).

REPORT AND RECOMMENDATION
PAGE -2